IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL BAUERMEISTER, Shareholder of Hmong Satellite T.V., Inc., | ) ) ) ) | 8:11CV331 |
| Plaintiff, | ) ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| STATE OF MINNESOTA, | ) ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on September 26, 2011. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis in this matter. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against the State of Minnesota. (Filing No. 1 at CM/ECF p. 1.) In its entirety, the Complaint alleges, "Minnesota Office of the Secretary of State have allow someone to file business forms and put it all under their names like he is the owner of Hmong Satellite T.V., Inc. which he is not. Also allow the person file paperwork without the proper dated when it was submitted and barcode. Also, State of Minnesota isn't complying with the Federal Trademark Dilution Act and act like federal laws can't override their laws or lack of it. Allowing documents that are hard to read due to bad quality." (*Id.* at CM/ECF p. 2.) Plaintiff requests that the court "[d]emand the state comply with federal laws and pay for the demands." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff's Complaint is extremely difficult to decipher. As best as the court can tell, Plaintiff seeks both monetary and injunctive relief from the State of Minnesota. To the extent Plaintiff seeks monetary relief from the State of Minnesota, he is barred from doing so by the Eleventh Amendment.

The Eleventh Amendment states: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Sovereign immunity protects a state from suit by citizens of other states and also by its own citizens. Alden v. Maine, 527 U.S. 706, 727-29 (1999). Consequently, federal courts have no jurisdiction to hear private suits for damages against a state unless (1) the state has explicitly consented to suit in federal court, thus waiving its sovereign immunity, or (2) Congress has specifically abrogated the state's immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304-06 (1990). The State of Minnesota is protected by sovereign immunity. The record before the court does not show that the State of Minnesota waived, or Congress overrode, sovereign immunity in this matter. As such, Plaintiff's claims for monetary relief against the State of Minnesota will be dismissed.

To the extent that Plaintiff seeks some sort of injunctive relief from the State of Minnesota for violations of the Federal Trademark Dilution Act ("FTDA"), Plaintiff fails to state a claim upon which relief may be granted. The Federal Trademark Dilution Act states:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

Federal Trademark Dilution Act, codified at 15 U.S.C. § 1125(c)(1). In order to prove a violation under the FTDA, a plaintiff must show that (1) the mark is famous; (2) the defendant is making commercial use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services. *Levi Strauss & Co. v. Abercrombie &*

*Fitch Trading Co.*, 633 F.3d 1158, 1164 at n. 4 (9th Cir. 2011) (citing 15 U.S.C. § 1125(c)); *see Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 118 (2d Cir. 2006); *Gap, Inc. v. G.A.P. Adventures Inc.*, 2011 WL 2946384, at *16 (S.D.N.Y. Jun. 24, 2011).

Here, Plaintiff alleges that the State of Minnesota "allowed someone to file business forms and put it all under their names like he is the owner of Hmong Satellite T.V., which he is not." (Filing No. 1 at CM/ECF p. 2.) This allegation cannot possibly be construed to allege that the State of Minnesota used a mark or trade name in commerce and that the use caused dilution. Therefore, Plaintiff fails to state a claim upon which relief may be granted under the FTDA against the State of Minnesota. Furthermore, the court finds that it would be fruitless to order Plaintiff to file an amended complaint. As such,

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (filing no. 1) is dismissed without prejudice. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 16th day of December, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.